## J. L. PRESCOTT ET AL.

### v.

## ALEXANDER WHITE.

1. MISCONDUCT OF AGENT.—The person who bargains to render services for another is deemed in law to undertake for good faith and integrity in the performance of his duties and is liable in damages to his employer for negligence, bad faith or dishonesty. For gross misconduct in the course of his agency or intentional frauds upon his principal, he may be held to have forfeited all right to compensation as respects any of the business of the principal into which such fraud or misconduct shall have entered.

2. SAME—EVIDENCE.—The right of a principal to insist that his agent has forfeited his right to compensation by reason of intentional, gross misconduct and fraud can not be dependent upon the principal's ability to show the precise extent of the injury to him on account of such misconduct and fraud by facts and figures.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed February 17, 1886.

This was a suit by appellee against appellants, to recover for services and expenses by the former, while acting as agent and traveling salesman for the latter in the sale of a certain stove polish, of which the defendants were manufacturers, in the State of Maine. There was a trial by jury, termi-

nating in a verdict and judgment for plaintiff, in the sum of $340.66, from which defendants took this appeal.

On the trial the plaintiff gave testimony tending to prove that defendants were partners in the business of manufacturing said stove polish, and the sale of it to retail dealers; that in December, 1882, defendants employed him as a traveling salesman in the Western States to obtain orders for said stove polish at a salary of $60 per month and necessary expenses, and that defendants were indebted to him for a balance of $313. The defendants introduced evidence tending to prove that plaintiff had violated their positive instructions in repeated instances, in returning to them orders from supposed customers, to be filled by defendants, which were not signed by such respective customers; that he had, in the course of said employment as defendants' agent, been guilty of repeated acts of dishonesty in sending in to be filled numerous orders which were either wholly fictitious or so unfairly obtained that the persons purporting to have given them refused to accept and pay for the goods, and which involved the defendants in trouble, losses, and expenses, which, in a large number of instances were specified in the evidence.

The court, at the instance of plaintiff's counsel, gave to the jury the following instructions:

2. "The jury are instructed that the defendants are held to the same strict proof of their cross-claim as the plaintiff is in making out his case, and that it is not enough that defendants simply say they were damaged a certain amount by reason of plaintiff's conduct, but defendants must prove facts and circumstances from which the jury may deduce their own conclusions, and estimate the amount of such damages, if any. Unless the defendants prove, by a preponderance of the evidence in this case, that they were actually damaged by, and through, and on account of frauds perpetrated on them by plaintiff, while in their employ, and also prove the amount of such damages by facts and figures, or, if the jury shall believe from the evidence that the defendants' cross-claim for damages is vague and uncertain, and incapable of estimation, then the jury shall disregard entirely so much of the counter-claim

of defendants as can not be ascertained with reasonable certainty, and find for the plaintiff, for the amount due him, if any, over and above whatever counter-claim may have been thus proved.

3. "If the jury believe from the evidence that the plaintiff was in the employ of the defendants, as their traveling salesman, for the sale of their manufactured goods and merchandise; and if they shall further believe from the evidence that one or more parties did purchase defendants' goods and merchandise, through plaintiff, White, as their agent, and then subsequently refuse to accept such goods when shipped by defendants to them, and thereby loss accrued to defendants, then the court instructs the jury that such losses are not subject of set-off or counter-claim as against the demand of plaint-iff, unless the jury shall also find from the evidence that plaintiff agreed to make good such losses; that an agent or traveling salesman is not held in law as a guarantor of any losses that may occur to his employer or principal, through sales made by such agent, unless such agents expressly agree to stand such losses, and shall also receive extra compensation on account of such guaranty, as a consideration for such contract of guaranty."

Mr. EMERY S. WALKER, for appellants; as to liability of agent, cited Story on Agency, §§ 217, 218; Shipherd v. Field, 70 Ill. 438; McDermid v. Cotton, 2 Bradwell, 297; Fairman v. Bavin, 29 Ill. 75; Caffrey v. Darby, 6 Ves. 490.

Messrs. WILSON & ZOOK, for appellee.

McALLISTER, J.    The person who bargains to render services for another is deemed in law to undertake for good faith and integrity in the performance of his duties, and is liable in damages to his employer for negligence, bad faith or dishonesty.    Not only that, but the law goes further: For gross misconduct in the course of his agency, or intentional frauds upon his principal, he may be held to have forfeited all right to compensation as respects any of the business of the prin-

Prescott v. White.

cipal into which such fraud or misconduct shall have entered; Story on Ag. §§ 332, 333; Vennum v. Gregory, 21 Iowa, 326; Sea v. Carpenter, 16 Ohio, 412; Jones v. Hoyt, 25 Conn. 386.

The evidence on the part of defendants below tended to prove gross misconduct and intentional frauds on the part of plaintiff, in the course of his agency, which resulted in trouble, loss and expenses to his employers, the defendants, which would have justified the jury in finding that he had forfeited all right to compensation for services during the time he so misconducted himself. In this aspect of the case, and in view of the law as above stated, the second instruction to the jury on behalf of the plaintiff, was clearly erroneous and misleading; for it, in effect, told the jury that the plaintiff was entitled to the full amount of his compensation, unless the defendants not only proved the frauds perpetrated upon them by a preponderance of the evidence, but also the amount of damage defendants sustained on account of such frauds, by facts and figures, to a reasonable certainty.

We are of opinion that the right of a principal to insist that his agent has forfeited his right to compensation by reason of intentional, gross misconduct and fraud, can not be dependent upon the principal's ability to show the precise extent of the injury to him on account of such misconduct and fraud, by facts and figures. Such a rule would be unreasonable, because, in many instances, the agent alone would be possessed of the means by which that could be shown, and the law would cast the burden of explanation upon the agent. Jones v. Hoyt, supra.

The third instruction for plaintiff was likewise erroneous, because it contained no hypothesis that, in the cases where the parties had purchased defendants' goods, and then subsequently refused to accept them, such refusal was not on account of any fault on the part of plaintiff. The case shows that the defendants claimed no damage by reason of such refusals, except in cases where plaintiff had been guilty of misconduct in respect to the orders for goods.

The judgment will be reversed and the cause remanded.

Judgment reversed.