Edward A. O'Malley, Appellant, v. Bank of Montreal, Appellee.

Gen. No. 45,845.

Opinion filed February 2, 1953. Released for publication February 20, 1953.

HIRSCH E. SOBLE, of Chicago, for appellant.

WINSTON, STRAWN, BLACK & TOWNER, of Chicago, for appellee; JOHN C. SLADE, HAROLD A. SMITH, EDWARD J. WENDROW, and CALVIN P. SAWYIER, all of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from an order dismissing for want of equity because of the insufficiency of the complaint, plaintiff's suit on behalf of himself and all others similarly situated to have the operation and maintenance of defendant's branch bank in Chicago, Illinois adjudged unlawful, a constructive trust impressed upon all the deposits received by the bank which have not been repaid and the property and profits acquired therewith, and defendant decreed to account as a constructive trustee for such deposits, property and profits, or to account for such deposits and property with interest compounded at the rate of 5 per cent per annum.

The complaint charges that defendant is a banking corporation organized under the laws of Canada; that it operates and maintains more than 500 branch banks and offices, including a branch bank in Chicago; that the latter bank is operated and maintained without a certificate of authority required by the banking statute of the State (Ill. Rev. Stat. 1949, chap. 16½, secs. 1 to 5, both inclusive, and section 12) [Jones Ill. Stats. Ann. 10.01–10.05, 10.13], or by the federal statute (Title 12 U. S. Code, sec. 27), and in violation of section 9 of the Illinois banking statute (Ill. Rev. Stat. 1949, chap. 16½, sec. 9) [Jones Ill. Stats. Ann. 10.09] prohibiting branch banking; that plaintiff has been a depositor of the branch bank in Chicago for more than ten years and has on deposit the sum of $2,012.17. Plaintiff's

225

theory of the case, as stated in his brief, is "that the defendant's Chicago bank, operating without a charter and in defiance of law, never had title to the deposits it unlawfully received, and as a constructive trustee thereof, was under a continuing obligation to return to the depositors their deposits, as well as the property and profits acquired therewith; that the illegal acts committed by the Chicago bank in accepting deposits were so wholly beyond its lawful powers and so contrary to public policy that they were void, and that their illegality may be raised by any party affected by them."

Plaintiff's cause of action is based on a single fact— want of authority to maintain and operate defendant's bank in this State. There is no allegation that deposits were obtained by fraud or other unlawful means, that defendant failed to discharge its obligations to its depositors, or that any depositor suffered injury through transactions with defendant. So far as the record shows, the depositors were the absolute owners and in full control of the funds deposited with defendant. The deposits were general deposits. The sole obligation of defendant was to make payments to the extent of the respective deposits on orders of the depositors. Defendant's sole compensation for the providing of banking facilities enjoyed by its depositors was the profits, if any, realized on the investment and reinvestment of the deposits mingled with its own funds in accordance with established banking practice.

 In support of his contention that all of defendant's deposit agreements are void plaintiff cites cases involving actions by corporations not authorized to do business in Illinois in which the transactions of the plaintiff corporations are declared void. Examination of the cases shows that the contracts of foreign corporations doing business in Illinois without com-

plying with the conditions prescribed by statute are void only in that they are unenforceable by the corporation. Thus in *Cincinnati Mut. Health Assur. Co. v. Rosenthal*, 55 Ill. 85, cited by plaintiff, a foreign insurance company not authorized to do business in Illinois brought suit on a promissory note obtained in the unlawful transaction of business in this State and judgment was for defendant, the maker of the note. Plaintiff appealed. The Supreme Court held the note to be "absolutely void as to appellee," and said further: "Notwithstanding the company have acted in contravention of the statute, and have no right to recover, we are not prepared to hold that the appellee has so acted that, had he sued upon the policy before repudiating it, he could not have recovered upon its breach. But that question is not now before the court, and hence it is not discussed or determined." This case is cited in *Ryerson & Son v. Shaw*, 277 Ill. 524, where in considering a contract of a foreign corporation not authorized to do business in the State the court said the contract "is void and no action can be maintained by it thereon," and that "a foreign corporation, when sued, is estopped from making the defense that it had no lawful authority to do business or make the contract out of which the cause of action arises." This is the established rule. The deposit and other agreements entered into with the bank are enforceable by the depositors.

Plaintiff's claim of a constructive trust is answered adversely and convincingly in *Pullman's Palace Car Co. v. Central Transportation Co.*, 171 U. S. 138. In that case the Pullman company, lessee under a 99-year lease from the Central company, lessor, repudiated the lease and in defense of an action for rent set up the lack of authority of Central company, a foreign corporation, to make the lease. In a suit to enjoin actions for rent Central company filed a cross-bill

227

admitting that the lease was void and praying that the Pullman company be adjudged a trustee and decreed to account for the profits derived from the property during its occupancy of the premises. The Supreme Court denied liability of the Pullman company "for the earnings of the property which it realized by means of putting such property to the very use which the lease provided," and said: "There is no question of trustee in the case. *Root v. Railway Company,* 105 U. S. 189, 215. The property was placed in its hands by the lessor and in accordance with the terms of the agreement. It was not then impressed with any trust according to any definition of that term known to us. * * * the lessee did nothing with the property other than was justified by the lease. His liability is based only upon an implied promise to return or make compensation therefor. * * * The use of the property is lawful as between the parties, so long as the lease was not repudiated by either, and the rent compensates for the use. After the repudiation the promise is then implied, and it is fulfilled by the payment of the value of the property at the time the promise is implied and interest thereon from that time."

▮▮ The defendant here did nothing with the deposits other than was justified by the deposit agreement. The facts alleged do not bring the case within the classes of constructive trusts recognized by our courts in *Steinmetz v. Kern,* 375 Ill. 616, 620. The plaintiff does not show any injury to depositors. Equity will not entertain a suit where no injury has been suffered. *Galford v. Eastman,* 242 Ill. 41; 19 Am. Jur., Equity, sec. 21.

The order appealed from is affirmed.

*Order affirmed.*

FRIEND, P. J. and BURKE, J., concur.