58

In the Matter of DIVERSIFIED DEVELOPMENT CORPORATION, Debtor.

DIVERSIFIED DEVELOPMENT CORPORATION, a Corporation, Herman Wilkening and Alice Wilkening, Shareholders Therein, Appellants,

v.

SECURITY TRUST COMPANY et al., Robert Graff, Burroughs Glass Company, a Corporation, Thomas J. Finan, Inc., a Corporation, William L. Camp, John H. Wolf, Alton Sheet Metal Corporation, a Corporation, J. and A. Springman, Inc., a Corporation, C. B. Neudecker, Inc., a Corporation, Alden K. Weber and Lester A. Weber, Hadley Dean Glass Company, a Corporation, Marco Sales Incorporated, a Corporation, Melcher Schene Hardware and Lumber Company, a Corporation, Orville W. Maguire, Morgan Llewellyn and Tom De Clue, Appellees.

No. 14648.

United States Court of Appeals
Seventh Circuit.

Feb. 4, 1965.

Emerson Baetz, W. H. Thomas, Alton, Ill., for appellant.

Joseph R. Lowery, East St. Louis, Ill., Donald U. Beimdiek, William H. Armstrong, St. Louis, Mo., Bruce Quackenbush, Alton, Ill., Charles M. Whealon, East St. Louis, Ill., Robert L. Broderick, East St. Louis, Ill., Pope & Driemeyer, East St. Louis, Ill., Armstrong, Teasdale, Roos, Kramer & Vaughan, St. Louis, Mo., of counsel), for Security Trust Co.

Before KNOCH, CASTLE and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

This is an appeal from portions of a judgment entered April 15, 1964, which sustained and approved a petition for reorganization under Chapter X of the Bankruptcy Act insofar as it held that Security Trust Company, a corporation, has a provable claim and is entitled to the rights of a petitioning creditor under Chapter X.

The corporate debtor involved is Diversified Development Corporation, an Illinois corporation (sometimes hereinafter called "Diversified"). The petitioning creditors included Security Trust Company, a Missouri banking corporation (sometimes hereinafter called "Security").

Diversified was organized to build a shopping center at Alton, Illinois, for which it obtained a loan from Security in the amount of $800,000 secured by a first mortgage.

In January, 1963, the City Court of Alton, Illinois, appointed a receiver for Diversified. The mortgage loan then being in default, Security filed a separate foreclosure suit in the Circuit Court of

Madison County, Illinois, and also petitioned for leave to intervene in the receivership action.

Diversified resisted the foreclosure on the ground that Security was a foreign banking corporation which was not and never could become qualified to transact banking business in Illinois. Judgments were entered in both Illinois courts denying leave to intervene in the receivership case and dismissing the foreclosure action.

Security moved to set aside and vacate these orders but, following the filing of petition in the U. S. District Court to reorganize Diversified, the Circuit Court of Madison County, which also sat as the City Court of Alton, overruled Security's motions, whereupon Security perfected appeals to the Appellate Court of Illinois for the Fifth District. These appeals have been stayed by the District Court's judgment order of April 15, 1964.

Diversified does not deny that Security lent Diversified $800,000 which has not been repaid. The position of Diversified is that Security's claim is null and void because it arises out of transaction of business in Illinois by a foreign corporation which had not first qualified to do business in Illinois. As a commercial or trading corporation, Security could have cured this defect by subsequent qualification, but such remedy is not available to a foreign banking corporation.

Diversified relies on the following statutory authority:

Ill.Rev.Stat. Ch. 16½, § 106: "No bank shall establish or maintain more than one banking house, or receive deposits or pay checks at any other place than such banking house, and no bank shall establish or maintain in this or any other state or country any branch bank, nor shall it established or maintain in this State any branch office or additional office or agency for the purpose of conducting any of its business."

Ill.Rev.Stat. Ch. 32, § 157.102 (in part): "A foreign corporation organized for profit, before it transacts business in this State, shall procure a certificate of authority so to do from the Secretary of State. A foreign corporation organized for profit, upon complying with the provisions of this Act, may secure from the Secretary of State a certificate of authority to transact business in this State, but no foreign corporation shall be entitled to procure a certificate of authority under this Act to act as trustee, executor, administrator, administrator to collect, guardian, conservator, or in any other like fiduciary capacity in this State or to transact in this State the business of banking, insurance, suretyship, or a business of the character of a building and loan corporation. * * * "

Ill.Rev.Stat. Ch. 32, § 157.104 (in part): "No certificate of authority shall be issued to a foreign corporation: * * * (b) Which has as a part of its name any word or phrase which indicates or implies that it is authorized or empowered to conduct the business of banking, * *."

Ill.Rev.Stat. Ch. 32, § 157.125 (in part): "No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of this State, until such corporation shall have obtained a certificate of authority. Nor shall an action at law or in equity be maintained in any court of this State by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this State, until a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets.

"*The failure of a foreign corporation to obtain a certificate of authority to transact business in this State shall not impair the validity of any contract or act of such corporation,*

**60**

and shall not prevent such corporation from defending any action at law or suit in equity in any court of this State. * * *" (emphasis added.)

Diversified cites Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949) as authority for its view. In that case the Fifth Circuit held that a Mississippi statute rendering unenforcible in Mississippi the contract of a foreign corporation which had not qualified to do business in Mississippi did not render void the claim for broker's compensation on a sale of real estate in Mississippi. The Fifth Circuit therefore held further that the doors of a federal District Court sitting in Mississippi would not be closed to the foreign corporate plaintiff.

The U. S. Supreme Court reversed this decision stating that a contrary result would create discriminations against the citizens of a state in favor of these authorized to invoke the diversity jurisdiction of the federal courts.

The Woods case was distinguished in a recent decision in In re Leeds Homes, Inc., 6 Cir., 1964, 332 F.2d 648, where the Court points out (page 650) that a bankruptcy court does not sit as if it were only another state court; that Erie RR. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, does not apply; and that Woods, being a diversity case likewise has no bearing on a federal bankruptcy proceeding. The Sixth Circuit also cites with approval our own decision in In re V-I-D, Inc., 198 F.2d 392, 396.

Appellant here would distinguish V-I-D as dealing with a commercial or trading corporation which might have qualified subsequent to the transaction out of which Security's claim arose. We do not see this as a valid distinction.

The Illinois statutes and the cases interpreting them clearly indicate that Security's claim although unenforcible in the courts of Illinois is not void. O'Malley v. Bank of Montreal, 349 Ill.App. 224, 110 N.E.2d 473, 474 (1953); Sternberg Dredging Co. v. Sternberg's Estate, 351 Ill.App. 514, 115 N.E.2d 557, 558 (abst.) (1953) app. den. 5 Ill.App.2d v.

The order of the District Court is affirmed.

Affirmed.