JOLIET CURRENCY EXCHANGE, INC., et al., Plaintiffs-Appellants, v. FIRST NATIONAL BANK OF JOLIET, Defendant-Appellee.

(No. 70-196;

Third District—November 17, 1971.

David Roston, of Chicago, and Robson, Masters, Ryan, Brumund & Belom, of Ottawa, for appellants.

Gray, Thomas, Wallace, Feehan & Baron, of Joliet, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This action was commenced by the Joliet Currency Exchange, Inc. and three other currency exchanges located in the Joliet area against the First National Bank of Joliet. In the first count of their complaint as amended plaintiffs sought an injunction, an accounting and damages on account of the defendant's alleged violation of section 6 of the Illinois Banking Act (Ill. Rev. Stat. 1969, ch. 16½, par. 106) by issuing license plates from a store neither adjacent to nor connected with its banking premises. Defendant answered this count of the complaint and moved for summary judgment. During the pendency thereof plaintiffs amended their complaint further by adding an additional count seeking the same relief based on the defendant's alleged violation of section 3—410 of the Ill. Vehicle Law of 1957 (Ill. Rev. Stat. 1969, ch. 95½, par. 3—410.) Defendant moved to strike the additional count alleging that it failed to state a cause of action. The circuit court of Will County granted each of the defendant's motions and the plaintiffs have appealed from the judgments against them.

Plaintiffs are four Illinois corporations licensed to conduct a currency exchange business in Illinois. Defendant is a national banking institution conducting its business at 78 N. Chicago Street, Joliet, Illinois. Plaintiffs all conduct currency exchange businesses, including a license plate service, in the Joliet area.

On September 5, 1967, defendant entered into a contract with the Secretary of State of Illinois under which defendant was authorized to issue passenger car renewal license plates.

Beginning on or about December 1, 1967, and continuing through February 17, 1968, defendant issued 1968 automobile license plates for a fee of $1.00 from premises located at 67 N. Scott, Joliet, Illinois. The Scott Street address is located in the Corlett Building which is owned by defendant and which is adjacent to the bank building. The locations had separate entrances and it does not appear that there was internal access from one location to the other. On February 18, 1968, the defendant discontinued the license plate service in the Scott Street location and thereafter continued such service in its main bank building.

According to the plaintiffs' complaint license plate service was one of the services which they had provided for a number of years. The income from such service constituted a significant part of their profit and after the license plate service was instituted by defendant in the Scott Street location the number of customers seeking license plate service from them and consequently the profits therefrom were diminished resulting in special damage to them. The gist of this count of the complaint as amended was that such special damage was caused by defendant's violation of the statutory prohibition against branch banking. Ill. Rev. Stat. 1969, ch. 16½, par. 106.

In its added count the plaintiffs additionally allege that their special damage resulted from defendant's alleged violation of that part of the Motor Vehicle Code prohibiting any charges for license plates other than those specified in the statute. (Ill. Rev. Stat. 1969, ch. 95½, par. 3—410.) This count of the complaint refers to the charge of one dollar made by the defendant in addition to the amount received for the renewal of license plates in accord with the statutory schedule.

On this appeal plaintiffs urge that they have standing to maintain the actions alleged and that the allegations of statutory violation and the facts in support thereof as alleged in the complaint sufficiently state causes of action.

■■ We shall first dispose of the issue relating to the added or second count of the complaint alleging the violation of the Ill. Vehicle Law of 1957, Ill. Rev. Stat. 1969, ch. 95½, par. 3—410. In our opinion *Illinois Association of Remittance Agents v. Powell*, 122 Ill.App.2d 322, N.E.2d 827, is dispositive of this issue contrary to the position of plaintiffs. The aforementioned case deals squarely with this issue and although plaintiffs attempt to distinguish the case from the one at bar an analysis of such argument reveals that plaintiffs believe that the case should not be followed. The principal distinctions referred to by plaintiffs are that the

*Remittance Agents* case was decided after the presentation of evidence and according to the proposed state of the pleadings in this case the allegation that the defendant was at all times an agent of the Secretary of State is admitted. We believe it sufficient to say that the allegations of the complaint substantially embody the same facts which the court in the *Remittance Agents* case found were insufficient as a matter of law to sustain the claim of plaintiffs in that case. In this connection it should be observed that the second count was added by the plaintiffs in this case in January, 1969, over one year after that complaint had been filed, and it well may be inferred that the count was added after the *Remittance Agents* case was decided in favor of the Association by the trial court. The final decision on this case was entered by the trial court in August, 1970, after the Appellate Court had reversed the decision in the trial court in the *Remittance Agents* case. We believe it unnecessary to consider the facts and reasoning in the *Remittance Agents* case at length but believe it sufficient to say that we agree with the reasoning and result which completely supports the trial court's action in this case regarding the second count of the complaint.

This brings us to a consideration of count one of the complaint and in particular the initial issue of whether plaintiffs have standing to seek damages for the alleged violation of prohibition against branch banking.

Section 6 of the Illinois Banking Act (Ill. Rev. Stat. 1969, ch. 16½, par. 106) provides, "No Bank shall establish or maintain more than one banking house, or receive deposits or pay checks at any other place than such banking house, and no bank shall establish or maintain in this or any other state or country any branch bank, nor shall it establish or maintain in this State any branch office or additional office or agency for the purpose of conducting any of its business". The statute provides neither penalties nor civil damages for its breach. Furthermore it does not either by statement of policy or by particular provision indicate any group or class intended to be benefited or any specific interests to be protected. Where a statute fails to disclose either the method of its enforcement or the persons entitled to enforce its provisions the standing of a party to seek redress of a violation by way of a specific remedy is not always clear.

As observed in *Brunnworth v. Kerens Coal Co.,* 260 Ill. 202, 103 N.E. 178, "When the statute is silent as to the class of person designed to be protected and who may be damnified by a failure to observe the duties imposed, the application of the statute to one invoking its protection must be determined from a careful consideration of the various provisions of the statute and of the end it was manifestly intended to accomplish." (See also 28 I.L.P., sec. 31.) Special injury or damage not

shared by members of the public generally is an essential element in determining the issue of standing. Such injury is not however conclusive. In *Joseph v. Wieland Dairy Co.* 297 Ill. 574, 131 N.E. 94, one of the principal cases cited by plaintiffs, adjoining property owners were held to have sufficient standing to enjoin defendant's maintenance of horses on his premises in violation of a city ordinance. Of the *Joseph* case it may not only be said that the adjoining owners sustained special damage but it also may be said that the adjoining property owners were a class designed to be benefited by abatement of a public nuisance as well as an appropriate class to seek such abatement.

Plaintiff's claim of standing is based on its status of an injured competitor. There are few Illinois decisions dealing with the branch bank prohibition and there are no decisions either approving or denying that the class to which plaintiffs belong is the intended beneficiary of the statute or their interest is intended to be protected. As dicta, the court in *Central Republic Trust Co. v. Evans*, 378 Ill. 58, 37 N.E.2d 745, states, "The restraint against branch banking like other banking regulations is based upon a public policy to further the interest of the depositor and the public." In *O'Malley v. Bank of Montreal*, 349 Ill.App. 224, 110 N.E. 2d 473, the court concluded that the plaintiff's status as a depositor was insufficient absent any injury to him to support an action based on violation of the branch banking prohibition.

■■ In *Northtown Bank v. Becker*, 31 Ill.2d 529, 202 N.E.2d 540, a case in which the court held that equitable relief was inappropriate to restrain the Director of Financial Institutions from issuing permits to organize banks for the reason that such proposed banks violated the branch banking prohibition, the court indicated that the appropriate remedy would be *mandamus* against the Director to institute the appropriate proceedings if the bank after fully organized did violate such prohibition. This holding although dicta, is in accord with cases cited by plaintiffs such as *Data Processing Services v. Camp*, 397 U.S. 150, wherein the plaintiffs were considered to have standing to question agency action. While such cases as the *Camp* case resolve the question of standing to review Federal agency actions favorable to the plaintiffs, neither the statutory duty sought to be enforced nor the remedy for such enforcement are analogous to those in the case at bar. It is our conclusion that the branch banking prohibition is a general policy provision which when considered with the general plan for regulating banking institutions does not authorize competitors to enforce such prohibition by actions seeking recovery of civil damages.

Not only do we believe that injured competitors lack standing to seek civil damages for violation of the statutory prohibition but in the case at

bar it is also our conclusion that the alleged violation was not the cause of plaintiffs' injury. As indicated by the pleadings it was the alleged license plate service which caused the injury if any to the plaintiffs and not the maintenance of a branch office. See *State v. Illinois Central RR. Co.*, 246 Ill. 188, 92 N.E. 814.

Finding no error in the judgments of the circuit court of Will County the judgments are affirmed.

Judgments affirmed.

ALLOY, P. J., and SCOTT, J., concur.