FRANK G. STOCKER, Plaintiff in Error, *vs.* MAE L. CUR-
TIS *et al.* Defendants in Error.

*Opinion filed October 16, 1914.*

1. EQUITY—*equity has jurisdiction to enjoin illegal sale by the
sheriff of homestead premises.* A court of equity has jurisdiction
to enjoin a sale by the sheriff, on execution, of homestead prem-
ises, where the bill alleges that the two lots are occupied as a
single parcel of property as the homestead of the complainant and
his wife; that the value of the two lots does not exceed $1200;
that the interest of complainant in the entire premises does not
exceed one-half that amount, and that the sheriff is proceeding to
sell the homestead without complying with section 10 of the stat-
ute on exemptions.

2. HOMESTEAD—*the homestead estate may extend to two lots.*
Where two lots are used together as one parcel of land compris-
ing the homestead premises and are in the actual possession of the
homesteader as his home, the homestead exemption will extend to
both lots if the value of the one upon which the house stands is
worth less than $1000.

3. SAME—*fact that title is held jointly by husband and wife
does not affect husband's right to homestead.* Where a husband
and wife are joint tenants of the premises on which they reside as
a homestead they are jointly seized of an estate of homestead in
the land.

WRIT OF ERROR to the Superior Court of Cook county;
the Hon. WILLIAM F. COOPER, Judge, presiding.

A. G. DICUS, for plaintiff in error.

A. W. MARTIN, EDWARD H. S. MARTIN, and JOHN
STELK, for defendants in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Frank G. Stocker filed a bill in equity in the superior
court of Cook county against Mae L. Curtis, a judgment
creditor, and Michael Zimmer, sheriff of Cook county, to
enjoin the sheriff from issuing a certificate of sale and from
making a deed in pursuance of said sale to two lots, one

of which was improved with a dwelling house, alleging in his bill that the premises were his homestead occupied by him and his family, and that neither the sheriff nor the judgment creditor had paid or tendered him $1000 or deposited the same for his benefit, or otherwise complied with the statute in relation to the sale of a homestead under execution. The bill was filed on the 20th day of April to enjoin a sale advertised to occur on the following day. By his amended bill it is alleged that the property is owned by the complainant and his wife as joint tenants and not as tenants in common and that the whole estate is not worth to exceed $1200; that the complainant's dwelling house is upon one of two adjoining lots; that the house, with out-houses, forms the north line of the premises and that a complete fence runs across the back end of said two lots; that the south edge of said lots is enclosed by a fence which runs out within twenty feet of the sidewalk line. It is alleged that it is the custom of that part of Oak Park where this property is situated not to have fences along the front or sidewalk line of the lots; that the dwelling house is upon one of these lots and that the other is used as a garden and for clothes lines and a yard in connection with the residence on the other lot, and that the two together constitute the homestead of the complainant. A general and special demurrer was filed, the special grounds being that the bill was filed prematurely and that the complainant had not offered to pay the difference between $1000 and the value of the premises, and that it does not appear from the bill that the said two lots are in the possession and occupancy of the complainant as one parcel of land. The demurrer was sustained, and the bill, as amended, was dismissed for want of equity. Complainant below has sued out a writ of error to reverse the decree dismissing his bill.

While the sale, under execution, of the homestead estate is void and may be attacked in an action at law, still

where such sale is made and results in clouding the title of the homestead the legal remedies have generally been regarded as inadequate for the prevention of such a wrong, and equity has very freely extended its preventive jurisdiction to stop the illegal sale, under execution, of premises in the actual occupancy of the debtor as a homestead and which are protected from levy and sale under the exemption laws of the State. (High on Injunctions, sec. 438, and cases there cited.) Under the averments of the bill in the case at bar it appears that the sheriff, by virtue of an execution, has levied upon the homestead of plaintiff in error and is about to offer the same for sale without having summoned three householders, as commissioners, to appraise the premises and set off the homestead in case the same was found to be susceptible of division. In short, the bill alleges that the officer is proceeding to sell the homestead of plaintiff in error without any attempt to comply with section 10 of the Exemption statute. The bill alleges that the value of the two lots does not exceed $1200 and that the interest of plaintiff in error in the entire premises is worth not to exceed one-half of that amount. Under these averments of the bill we are unable to discover any legal theory upon which defendants in error can justify this proceeding.

Some argument is submitted in support of the contention that the homestead cannot embrace more than one lot. This contention cannot be sustained under the averments of this bill. The bill shows that the two lots are owned jointly by plaintiff in error and his wife and are both used and occupied as one parcel of property. The house is upon one lot, and the other is used as a garden, for hanging clothes lines and for other purposes in connection with the occupancy of the lot upon which the house stands. The one lot is as much in the possession and occupancy of the homesteader as the other. Where two lots are thus situated and are in the actual possession of the homesteader

as his home the exemption may extend to both lots, where the one upon which the house stands is worth less than $1000. This court, in *Sever* v. *Lyons,* 170 Ill. 395, decided that it was competent to show by parol evidence that the homestead covered two or more separate, legal lots or blocks. True, where the lot or legal subdivision upon which the residence stands is worth the statutory exemption the homestead cannot be extended to take in other lands; but this would be true if there were an excess of value in a single lot.

Some criticism is made of the averments of the bill in respect to its allegations regarding the possession. In our opinion the allegations of the bill are sufficiently specific in this regard to require an answer. Upon the coming in of an answer it will then become a question of proof as to the extent and value of the homestead, and if it can be shown that the interest of plaintiff in error in the lot on which the house stands is worth $1000, the court can protect the interests of both parties by dismissing the bill as to the vacant lot and enjoining the sale as to the one having the residence thereon. The execution having been levied upon both lots, we think it is clear that the sale should be enjoined until the statute is complied with. The fact that the title is held jointly by plaintiff in error and his wife does not affect the right of plaintiff in error to a homestead. Where a husband and wife are joint tenants of premises upon which they reside as a homestead, they are jointly seized of an estate of homestead in the land. *Lininger* v. *Helpenstell,* 229 Ill. 369.

The decree of the superior court of Cook county is reversed and the cause remanded, with directions to overrule the demurrer and require defendants in error to answer the bill. *Reversed and remanded, with directions.*