MARGUERITE A. GROTE *vs.* MARGARET E. GROTE *et al.* Appellees.—(MARY B. O'NEILL *et al.* Appellants.)

*Opinion filed October 24, 1916.*

1. HOMESTEAD—*a widow's undivided interest in the property must contribute to homestead estate.* Where a widow is the owner of an undivided half of homestead property, the other half belonging to her deceased husband's children, the interest of the widow is required to contribute to the homestead estate, so that her homestead interest in the half owned by the children is an estate in the land to the extent of $500.

2. SAME—*value of homestead need not be tendered before sale.* Where the widow does not consent to a sale of the homestead it cannot be sold on partition so as to require surrender of possession without payment of the full amount of her homestead interest to her, but where the property is indivisible and of greater value than $1000 it is not necessary that the value of the homestead be tendered before a sale can be made, it being sufficient if payment is secured to be made from the proceeds of the sale before surrender of possession is required.

3. SAME—*heirs cannot be compelled to pay amount of homestead interest to extinguish estate.* Heirs desiring partition cannot be compelled to pay the amount of the homestead interest, in order to extinguish the estate against the will of the owner, nor can they be compelled to contribute to one who chooses to make such payment, as they have a right to await the expiration of the homestead estate and have the sale made subject thereto.

4. SAME—*when court can only decree partition sale subject to homestead.* Where the widow has not consented to a sale of the homestead and there is no offer on the part of any of the heirs to pay the amount of the homestead interest to her or to permit it to be deducted from the proceeds of the sale, the court can only decree a partition sale subject to the homestead estate, leaving it to the purchaser to extinguish the estate, if he desires, by payment of the amount required for that purpose.

5. DOWER—*when dower must be assigned out of the rents and profits or its yearly value fixed.* Dower interest cannot be sold without the written consent of the widow, and when dower cannot be assigned by metes and bounds it is the duty of the court, under section 39 of the Dower act, to decree that it be assigned out of the rents and profits of the premises or to empanel a jury to fix its yearly value.

6. SAME—*parties to a partition suit entitled to have dower assigned or value fixed by decree.* The parties to a partition proceeding have a right to have the widow's dower assigned or its yearly value determined by the decree, and it is error, against objection, to decree a sale without fixing the value of dower interest.

7. PARTITION—*parties to suit for partition are entitled to have all questions settled, so far as possible.* All parties to a suit for partition, whether complainants or defendants, who are equally interested in the adjudication, have a right to have all questions correctly and finally determined, so far as possible.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

W. E. KNOWLES, for appellants.

J. J. RAFTER (ROLLIN M. HAYES, guardian *ad litem,*) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Nelson A. Grote died intestate, leaving a widow, Margaret E. Grote, and seven daughters, his heirs. He was the owner of an undivided half of three separate lots, the other half belonging to his wife, and they occupied one of the lots as a homestead. The widow and four of the daughters, two of whom are minors, continued to do so after his death. One of the daughters filed a bill for partition and the assignment of homestead and dower. A decree was rendered finding the widow entitled to homestead and dower, and, subject to these estates, that she was entitled to one-half the property and each of the daughters to one-seventh of the other half. Commissioners were appointed to assign homestead and dower and make partition. They reported that the property, and each parcel, was not susceptible of partition and the assignment of homestead without manifest prejudice. They appraised the lot constituting the homestead at $6000 and the other two lots at $6500 and $3000, respectively. The widow did not con-

sent, in writing, to the sale of her homestead and dower interest. Two of the defendants filed a motion to decree to the widow $500 out of the interest of her deceased husband in lieu of her homestead, to sell the premises free of homestead and dower, and in lieu of dower to decree a lien on the premises sold, for one-third of the net income of the undivided half which had belonged to Nelson A. Grote, after deducting each year from the income from the homestead property five per cent of $500, being interest on the value of the homestead. The court disregarded this motion and decreed a sale subject to the homestead and dower. From this decree of sale the two defendants making the motion have appealed.

The object of the suit was to procure a separation of the interests of the parties, either by a division of the lots or the sale of them and a division of the proceeds. The half of the property occupied as a homestead, which the widow owned, was required to contribute to the estate of homestead. (*Capek* v. *Kropik,* 129 Ill. 509; *Lininger* v. *Helpenstell,* 229 id. 369.) The widow's interest in the undivided half owned by her daughters was therefore an estate of homestead in the land to the extent of $500 and dower. The dower could not be sold without her written consent. The homestead could not be sold so as to require her to surrender the possession without the payment of the full amount of $500, (*Powell* v. *Powell,* 247 Ill. 432; *Goddard* v. *Landes,* 250 id. 457; *Richardson* v. *Trubey,* id. 577;) but it is not true that the value of the homestead must be tendered to the owner of the homestead right, where the property is indivisible and of greater value than $1000, before a sale can be made. It is sufficient if the payment is secured to be made from the proceeds of the sale before the surrender of possession. The heirs cannot, however, be compelled to pay the full amount of $500. They may choose to await the expiration of the homestead estate. If some of the heirs desire to extinguish the homestead estate,

against the will of the owner of that estate, by payment of the amount required, they cannot compel the others who do not wish to do so to contribute. Such payment is not compulsory but voluntary on the part of those who desire to extinguish the estate. It does not appear that there was any offer on the part of the heirs, or any of them, to pay the required amount to the widow or permit it to be deducted from the proceeds of the sale. Therefore the court could only decree a sale subject to the homestead estate, leaving to the purchaser to extinguish the estate, if he desired, by the payment of the amount required for that purpose.

Since dower could not be assigned by metes and bounds, it was the duty of the court, under section 39 of the Dower act, to decree that dower be assigned out of the rents and profits of the premises or to empanel a jury to fix the yearly value of the dower. (*Ellguth* v. *Ellguth,* 250 Ill. 214.) The object of the proceeding was to have the interest of all the parties determined. All the parties, whether complainants or defendants, were equally interested in this adjudication and each had a right to have all questions correctly determined. To make the decree of sale subject to dower without determining its value was to leave a large part of the litigation undetermined. The expense of this suit would have been to a large extent wasted and the purchaser would be left to contest in another suit the amount of the widow's dower if he did not settle with her. This would necessarily affect unfavorably to the heirs the price which the property might be expected to bring at the sale. The parties had a right to have this question settled in this litigation, and it was error prejudicial to the appellants to decree, against their objection, a sale reserving to the widow, a party to the suit whose rights could be determined now, the right to future litigation with the purchaser. The appellants were not entitled to have a decree entered in accordance with their motion, but they were entitled to have a decree finally determining the issues involved, so far as possible. A sale

275 — 14

.would necessarily be subject to the estate of dower ˙as well as homestead, but the amount of the dower interest should have been settled by the decree.

The decree is reversed and the cause remanded to the circuit court of St. Clair county for further proceedings.

*Reversed and remanded.*