(No. 20508.—

WALTER VOSS, Appellant, *vs.* MARTHA REZGIS *et al.* Appellees.

*Opinion filed April 23, 1931.*

HAROLD O. MULKS, and GERALD P. McKENNA, for appellant.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Walter Voss began a proceeding at law for the partition of certain real estate in Cook county by petition under the statute in the circuit court, representing that he and Martha Rezgis were tenants in common of the real estate in question and setting forth the derivation of their title, as follows: That on April 8, 1927, Martha Rezgis and Peter, her husband, were joint tenants of the premises, and on that day a judgment was rendered in the municipal court of Chicago in favor of the American Acceptance Corporation against Stanley Page and Peter Rezgis for $223.22, upon which an execution issued on April 11, which was levied upon the real estate in question. The petition further alleged that Martha and Peter Rezgis were vested with a homestead estate in the premises to the value of $500 each and that commissioners were appointed by the bailiff of the municipal court to appraise the real estate, who on April 19 filed their report that they found the property to be of the value of $10,000 and in their opinion it could not be divided without injury to the interests of the parties. Rezgis failing to pay the judgment after sixty days' notice, the bailiff sold the premises on August 10, 1927, to the American Acceptance Corporation for $267.73, and no redemption having been made he conveyed the premises on

October 17, 1929, to S. J. McCullough, assignee of the American Acceptance Corporation, and McCullough the next day conveyed them to Walter L. Petkey. The petition further alleges that at the time of the rendition of the judgment the interest of Rezgis was worth in excess of $500, and he and Martha were jointly seized of a homestead estate in the real estate of the value of $1000 and the respective interest of each was of the value of $500, and Petkey on December 23, 1929, filed a bill in the superior court of Cook county setting forth the matters above stated and praying that he be permitted to pay Rezgis $500, the value of his homestead estate, and be decreed to be the owner of all Rezgis' interest in the real estate. Rezgis alone was made a party to the bill, which was set out in the petition for partition. He was served but was defaulted and a decree by default was entered against him on January 28, 1930, finding that he and Martha had a joint estate of homestead in the premises of the value of $1000, to which the interest of each should contribute $500, and that the value of each of the two interests in the homestead was $500. The decree provided if Petkey should pay to the clerk of the court $500 for the use of Rezgis, Petkey should then be the owner in fee simple absolute of all the right, title and interest of Rezgis in the real estate, and, the $500 having been paid to the clerk, the decree proceeded to find title in Petkey and to bar forever Rezgis, and all claiming under him, of all right, title and interest, either legal or equitable, in the real estate.

Petkey conveyed the real estate on February 5, 1930, to Anthony Petrovich, who conveyed to the appellant on February 20, and the latter filed a petition for partition on April 1, 1930. Martha Rezgis filed a general demurrer to the bill, which was sustained, the bill was dismissed for want of equity, and the complainant has appealed.

The demurrer was properly sustained, for the petition did not show that the appellant had any title to any inter-

est in the real estate. Peter Rezgis and his wife had an estate of homestead of the value of $1000 in these premises, no part of which either could convey without compliance with the statutory requirement in that behalf. (*Lininger* v. *Helpenstell,* 229 Ill. 369.) The value of the homestead was $1000, chargeable one-half to the wife's interest and one-half to the husband's interest, (*Grote* v. *Grote,* 275 Ill. 206,) an estate of which they were jointly seized and which neither could dispose of or be deprived of or incumber except in the manner authorized by law. (*Stocker* v. *Curtis,* 264 Ill. 582.) What neither could do directly Rezgis could not do indirectly by suffering judgment to be taken against him, a sale upon execution and a decree against him alone extinguishing a part of the homestead estate upon payment for his use of $500. The purchaser at the sale under execution got at most an equitable title to the excess in value over the value of the homestead, which equity will enforce by having a homestead of that amount set off to the owner of the homestead, or, where that is impracticable, by paying its value. (*Diets* v. *Hagler,* 309 Ill. 381.) Neither Rezgis nor his wife could destroy, convey or divide the estate of homestead, nor is a court authorized to do so at the suit of a creditor of either. The decree which purported to extinguish the estate of homestead upon the payment of $500 for the use of Peter had no effect upon Martha's rights.

"The purchaser, on execution, of land worth more than $1000, in which the judgment debtor has an estate of homestead, without setting off the homestead, as required by the statute, gets no title which is available in a proceeding at law for the possession of the premises, because the court of law cannot determine how far the homestead right will extend." (*Diets* v. *Hagler, supra.*) The rule has usually been applied in suits in ejectment. (*Hartwell* v. *McDonald,* 69 Ill. 293; *Nichols, Shepard & Co.* v. *Spremont,* 111 id. 631; *Palmer* v. *Riddle,* 197 id. 45.) The ground upon which the decisions in actions at law rest is, that the title

acquired at a sale on execution, where the homestead is not set apart, is not available in ejectment or forcible detainer because a court of law cannot determine how far the homestead right will extend. *Krupp* v. *Brand,* 200 Ill. 403.

The decree, to which Martha Rezgis was not a party, wherein it was determined that Peter Rezgis was entitled to an estate of homestead of value of $500, was not binding upon her and did not release or affect in any way her joint right to an estate of homestead in the premises. The petition in this case relied upon that decree as eliminating her right to an estate of homestead and sought a partition upon that basis and without making any proffer of the value of her homestead interest. The petition also showed that as against Martha Rezgis it has never been determined that the half interest claimed by petitioner was of more value than the estate of homestead which she has in it. Petitioner was therefore not entitled to partition upon the showing made in his petition, for the bailiff's deed conveyed no estate except an equitable title to the excess in value over the value of the homestead, which may be made the basis for a proceeding, equitable in nature, to have the homestead set apart, or, if not divisible, to require the owner to accept the value of the homestead in its stead. (*Diets* v. *Hagler, supra.*) The petition in the present case is not to set apart the homestead or require Martha Rezgis to accept its value. It merely seeks partition, and the appellant is not entitled to partition upon the showing made. Where a pleading in a proceeding at law for partition is insufficient the proper practice is to interpose a demurrer. (*Hopkins* v. *Medley,* 97 Ill. 402.) As the petition showed that the appellant was not entitled to partition the court did not err in sustaining the demurrer, or in entering judgment when appellant elected to abide by his petition.

The judgment is therefore affirmed.

*Judgment affirmed.*