EDITH P. JOHNSON, Appellant, *vs.* HENRY MUNTZ, Appellee.

*Opinion filed October 27, 1936—Rehearing denied Dec. 4, 1936.*

Arthur L. Paulson, and W. B. Morgan, for appellant.

Elwood E. Kenyon, Walter E. Healy, and Glenn R. Beverly, for appellee.

Mr. Justice Jones delivered the opinion of the court:

E. P. Johnson and his wife, Edith P. Johnson, owned a tract of land in joint tenancy in the residence district of Elgin, improved by a single-dwelling house, which they occupied as a residence. The appellee, Muntz, obtained a judgment against E. P. Johnson for $4933.05 and costs. An execution was levied on Johnson's interest in the property, and commissioners, appointed by the sheriff to appraise it, reported his interest was worth more than $1000, that the premises were not susceptible of division, and that the value of his undivided one-half interest was $6250. After statutory notice had been served on Johnson he failed to pay the sheriff the amount of the judgment above the sum of $1000. Thereupon the sheriff advertised his in-

terest for sale and it was sold to Muntz for $5828.55. The sheriff paid E. P. Johnson $500 in satisfaction of his homestead right. The premises were not redeemed and a sheriff's deed was made and delivered to Muntz. Johnson and his wife continued to occupy the property until Johnson's death, nearly two years after the date of the sheriff's sale. Since Johnson's death his widow has remained in possession. Previous to the death of Johnson Mrs. Johnson instituted a partition proceeding, in which she made Muntz and her husband parties. While the suit was pending Johnson died, and Mrs. Johnson filed an amended and supplemental bill in which she prayed for the allotment of homestead and the assignment of dower in the undivided one-half of the premises purchased by Muntz. She also asked for the allowance of solicitor's fees according to the statute. Muntz filed an answer and a cross-bill, in which he denied that Mrs. Johnson was entitled to homestead and dower or to the allowance of solicitor's fees. He set up a claim for an accounting for one-half of the rental value of the premises since the date of the sheriff's deed. The circuit court found that Mrs. Johnson and Muntz were each the owner of an undivided one-half of the premises as tenants in common and ordered partition to be made free and clear of any claim of Mrs. Johnson for homestead and dower in the premises, and further, that she pay Muntz $746.50 as rent, and that he have a lien on her undivided one-half interest for that amount. The allowance of solicitor's fees was denied.

In our view of the case the major question is whether or not the circuit court erred in decreeing that the right of homestead in the undivided one-half interest acquired by Muntz was extinguished by the payment of $500 to Johnson. It is the theory of Muntz that Johnson's homestead estate was extinguished as to his undivided one-half of the premises because of the sale under execution and Johnson's acceptance of $500. It is claimed by Mrs. Johnson that

inasmuch as the premises were owned by her husband and herself as joint tenants and occupied by them as a residence they were jointly seized of an estate of homestead; that such an estate is indivisible, and that because the full sum of $1000 was not paid to the joint tenants her right of homestead has not been extinguished. The principal authorities cited by the respective parties will be hereafter reviewed.

The constitution of this State (art. 4, sec. 32,) provides that the General Assembly shall pass liberal homestead and exemption laws. Following this constitutional mandate, it was enacted (State Bar Stat. chap. 52, sec. 1; 52 S. H. A. 1;) "that every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $1000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution, sale for the payment of his debts, * * * except as hereinafter provided." It will thus be seen that no one except the householder is entitled to the estate of homestead. Mere ownership does not create such an estate. There must be a householder having a family and premises occupied by him or her as a residence. (*Rock Island Bank and Trust Co.* v. *Lamont,* 361 Ill. 432.) If the husband is living and residing with his family he is the householder contemplated by the statute and the homestead estate is vested in him. (*Taylor* v. *Taylor,* 223 Ill. 423; *Brokaw* v. *Ogle,* 170 id. 115.) Two separate homestead estates cannot co-extensively exist in the same premises at the same time. (*Brokaw* v. *Ogle, supra.*) It is conceded that Johnson was the head of the family.

We are aware that language has been used by this court which seems to indicate that where a husband and wife are the owners of land in joint tenancy or as tenants in com-

mon, which they occupy as a residence, the estate of homestead is vested in them jointly. *Capek* v. *Kropik,* 129 Ill. 509, is one of the cases cited in support of the theory of joint tenancy in an estate of homestead. In that case a husband and wife were tenants in common. The wife died, leaving her husband and certain minor children of hers by a former marriage as her only heirs-at-law. The husband filed a bill for partition and assignment of homestead and dower. So far as the question of homestead was involved in the case, the court was concerned only in whether or not he was entitled to a homestead in the interest owned by his wife. It was held that each moiety must contribute to the homestead estate, and that upon the death of the wife the homestead continued for the benefit of her husband and the minor children until the youngest reached the age of twenty-one years. What was said in the opinion about a joint estate of homestead merely meant that the right of occupancy was indivisible and the stepfather had no power to exclude his wife's minor children from participation in the enjoyment of the homestead. The opinion expressly states that it is "unnecessary to discuss, here, the character or quantity of estate taken by the surviving husband or wife, or by the minor children, in the homestead."

*Lininger* v. *Helpenstell,* 229 Ill. 369, holds that a homestead estate is created for the benefit of the householder and his family, and that the spouse of the householder is given the power by statute to prevent the sale of the homestead if she desires to do so. A homestead may exist in lands held by joint tenants or by tenants in common. Each moiety must contribute to the homestead and the right of occupancy is indivisible. *Capek* v. *Kropik, supra,* is cited, with apparent approval, to the effect that where land is owned jointly or in common by a husband and wife they are vested with a homestead estate jointly. There was no necessity for that holding, because the decision rested on the fact that the separate deeds of the husband and wife

were executed by each individually, and therefore the homestead was not conveyed because the provision of the statute with reference to release had not been complied with.

*Livingston* v. *Moore*, 252 Ill. 447, was an action in ejectment. The land in question was sold at an execution sale. It had been appraised by commissioners at $7500. The defendant failed to pay the excess over $1000 on the judgment. The premises were sold for $1978.51 to the plaintiff. The sheriff, after paying all costs and expenses, paid the balance of the purchase price to the plaintiff, who then paid the sheriff $1000 in cash with which to satisfy the homestead right of the defendant. It does not appear whether the sheriff failed to turn the money over to the defendant or the defendant refused to accept it. A contention was made that the sale was invalid because the payment was not made. It was held that the sale could not be defeated on that account; that the duty devolved upon the sheriff, and not upon the plaintiff, to pay the execution debtor the $1000 for her homestead, and that neither the sheriff's neglect nor her obstinacy in refusing to accept the money could defeat the plaintiff's title.

The facts in *Stocker* v. *Curtis*, 264 Ill. 582, disclosed that Curtis, a judgment creditor, caused an execution to be levied on two lots owned by Stocker and his wife as joint tenants. Stocker filed a bill to enjoin a sale, alleging the property was not worth over $1200; that it was a homestead occupied by him and his family, and that he had not been paid or tendered $1000, the value of said homestead. A demurrer to the bill was sustained and the bill was dismissed. On appeal this court held that Stocker had a homestead estate of $1000, and the fact that the title was held in joint tenancy did not affect his right to a homestead of that value, and the sale was enjoined.

In *Voss* v. *Rezgis*, 343 Ill. 451, Martha Rezgis and her husband, Peter, were joint tenants of property appraised at $10,000. Peter's interest was sold under execution for

$267.73. Nothing was paid him for his homestead right. The purchaser at the execution sale, after a deed was executed and delivered to him, filed a bill for partition against Martha Rezgis and others. The bill alleged that Peter and Martha were jointly seized of homestead of the value of $1000 and the respective interest of each was of the value of $500; that Peter's interest in the real estate exceeded $500, and that complainant should be permitted to pay him $500 and be decreed to be the owner of his interest, divested of homestead. This court in its opinion spoke of Rezgis and his wife as having a joint estate of homestead, but it is evident from the context of the opinion that nothing more was intended than that the right of occupancy was not divisible and that neither joint tenant could dispose of or be deprived of the homestead except in the manner authorized by law, and that if a decree had been entered purporting to extinguish the estate of homestead upon the payment of $500 it would be erroneous. This conclusion was inescapable. If a person has a homestead estate it cannot be involuntarily extinguished except in the manner provided by law. If the premises at execution sale sell for more than $1000, it is the duty of the sheriff to pay to the judgment debtor the sum of $1000 and the estate of homestead is entirely extinguished, no matter whether the debtor was the sole owner of the land or was a joint tenant or a tenant in common.

We must conclude that in the case before us, Johnson, the husband, was the householder; that his homestead estate was a burden upon the several moieties, and that its value was to the extent of $1000 and could be released only in the manner prescribed by statute. Section 4 of chapter 52 (State Bar Stat. p. 1624,) provides the methods by which the estate of homestead may be voluntarily extinguished. Section 10 of said act provides how it may be involuntarily extinguished. In substance, it is enacted that where the creditor claims the homestead premises are worth more

than $1000, the officer holding the execution shall summon three householders as commissioners, who shall appraise the premises, and if in their opinion the property may be divided without injury to the interest of the parties, they shall set off so much of said premises, including the dwelling house, as in their opinion shall be worth $1000 and the residue may be advertised and sold. Section 11 provides that if the appraisal be more than $1000 and the premises cannot be divided without manifest prejudice they shall so report, and the officer holding the execution shall deliver a copy thereof to the execution debtor, with a notice attached thereto that unless he shall pay to the officer the surplus over and above $1000 on the amount due on said execution, within sixty days thereafter, such premises will be sold. Section 12 provides that in case such surplus, or the amount due on said execution, shall not be paid within sixty days, the officer may advertise and sell the premises and out of the proceeds of such sale pay to such execution debtor the sum of $1000 and apply the balance on the execution.

The sheriff paid Johnson only one-half of the amount he should have paid. This action was undoubtedly due to the direction of Muntz, for in his answer and cross-bill he alleged that $500 was the full extent, in value, of Johnson's homestead right. The provisions of the statute were complied with except in this particular. As we have seen, a failure to so comply does not invalidate the title of the purchaser. However, this is not an action in ejectment but is a chancery proceeding, and a court of equity has the power to adjust the equities between the parties, if such adjustment does not contravene the provisions of the statute. We held in *Leupold* v. *Krause,* 95 Ill. 440, that the statutory requirement is directory and not mandatory. A non-compliance with it will not render the sale void, and if it be brought in question in a suit in chancery, the court, in the exercise of its equitable powers, may adjust the rights of the parties as the circumstances may seem to require. It was con-

tended in *Olp* v. *Meyer,* 277 Ill. 202, that the sheriff had not complied with the statute by paying for the homestead. However, it was held that, the proceedings being in equity, the court will protect all interests as may seem right and just. Here the sale to Muntz was valid. The purchase price was sufficient to enable the sheriff to pay $1000 to the judgment debtor, as required by statute. His failure to do so inured to the sole benefit of Muntz. In this chancery proceeding it would be inequitable to require Mrs. Johnson to pay him rent from the date of his deed.

Inasmuch as we have held that the sale to Muntz was valid, it necessarily follows that Mrs. Johnson is not entitled to an estate of dower in the portion of the premises which were sold. Dower is not an incident to joint tenancy. The joint tenancy was terminated by the sheriff's conveyance, which divested Johnson of his interest in an undivided one-half of the premises. No right of dower, inchoate or otherwise, remained in Mrs. Johnson. The interests of the respective parties were not properly set forth either in the original, amended or supplemental bill, and the chancellor had no authority to allow complainant solicitor's fees.

The circuit court correctly decreed that Mrs. Johnson was not entitled to a homestead, that she was not entitled to dower, and that she was not entitled to the allowance of solicitor's fees. In these respects the decree is affirmed. That portion of the decree which charges Mrs. Johnson with rent and makes the same a lien upon her undivided interest in the tract of land is reversed. The cause is remanded, with directions to enter a decree in conformity with the views herein expressed.

*Decree affirmed in part, reversed in part*
*and remanded, with directions.*