(No. 28166.—

PAUL BROD, Appellee, *vs.* TEKLA BROD *et al.*—(TEKLA BROD, Appellant.)

*Opinion filed May 23, 1945.*

EDWARD M. KOZA, and W. A. LEOPOLD, both of Chicago, for appellant.

MITCHELL KILANOWSKI, of Chicago, for appellee.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

The plaintiff, Paul Brod, on December 29, 1942, filed in the circuit court of Cook county a bill for partition of certain real estate located at 2117 West Crystal street, Chicago, Illinois, which he claimed to hold in joint tenancy with his wife, Tekla Brod, appellant herein. In addition

to his wife, plaintiff made the holder and owner of a note and trust deed on the premises, and three tenants, parties defendant. This appeal involves only the plaintiff and defendant Tekla Brod. By her answer she denied that the plaintiff was the owner of any part of the property or had an interest therein, and asserted in a counterclaim that the property was purchased with her own funds and that the title was taken in the joint names of the plaintiff and herself on the express condition and promise of the plaintiff that he would desist from the excessive use of intoxicating liquors and would contribute to the upkeep and maintenance of the home and property and that he would treat her kindly and affectionately. In her counterclaim it is the contention of the defendant that a court of equity should declare the legal title, if any, in the plaintiff to be held by him, as trustee, either on a resulting or constructive trust for her benefit. In the alternative the defendant prayed that in the event that partition be decreed, an estate of homestead be set off and assigned to her in the premises.

The cause was referred to a master in chancery, who, after hearing, found that plaintiff and defendant were each vested with an undivided one-half interest in the property as joint tenants, and that title was taken in their joint names in consideration of the promises of the plaintiff to treat defendant as a kind and true husband, to refrain from excessive drinking, and to turn over to the defendant his future wages for the support and upkeep of the family and home; that plaintiff, contrary to his agreement with defendant, resumed his excessive drinking about three months after the contract for the purchase of the property was entered into, and, except for a short period of two or three months, wholly failed to turn over to the defendant his salary or wages; that, in further violation of his agreement, the plaintiff did not treat the defendant kindly, but, on the contrary, was guilty of extreme and repeated cruelty without cause or provocation therefor. The mas-

ter, in his report, also awarded a homestead estate in the premises to the defendant. Objections to the report were filed by both the husband and wife, and, on being overruled, stood as exceptions. The chancellor overruled the exceptions, approved the report and entered a decree for partition, embodying the substance of the findings of the master and appointing commissioners. The commissioners filed a report showing the property not susceptible of division and appraised its value at $7000. A decree of sale was entered and Tekla Brod appealed to this court from the decree of partition and the decree of sale. By cross appeal appellee claims that the chancellor should not have found appellant entitled to an estate of homestead.

The parties were married June 26, 1937, and at the time of the marriage appellant was the owner in her own right of $1200. August 7, 1937, the property in question was purchased under a contract running to both parties. The contract entered into provided for the sale of the property to appellant and appellee for the sum of $4150, to be paid $1000 in cash and the balance in monthly installments of $35 each. It further provided that when the purchase price had been reduced to $2000 the vendor was to convey the property to the parties by warranty deed subject to a first mortgage of $2000. In pursuance of the terms of this contract, the vendor, on May 29, 1942, conveyed the property by warranty deed to the parties in joint tenancy.

Appellant contends that she purchased the property with her own individual funds; that, while she permitted plaintiff to have a joint interest therein, it was conditioned upon his promise that he would treat her as a kind and true husband, refrain from excessive drinking and turn over to her his future wages for the support and upkeep of the family and the home; that appellee, because of his breach of said promises, is not entitled to retain title; that the title held by appellee was acquired by him be-

cause of the trust and confidence she reposed in him and is held by him in trust for her benefit. Appellant does not state, either in her counterclaim or in her brief, the character of trust she claims arose between her husband and herself. In her brief she cites authorities in support of the proposition that the same is a resulting trust because the purchase was made with her money. She also makes the further claim that the same is a constructive trust because of appellee's failure to keep the promises he made which induced her to place the title in their joint names.

A resulting trust arises by operation of law where one person pays or furnishes the consideration for a deed conveying real estate to another. It arises, if at all, the instant the legal title is taken and the title vests. (*Spina* v. *Spina*, 372 Ill. 50; *Wiley* v. *Dunn*, 358 Ill. 97.) The existence of such trust depends in every case upon the intention, at the time of the conveyance, of the person whose money was used to purchase the land. If at that time he intended to confer a beneficial interest upon the grantee, he cannot put a different construction upon the transaction at a subsequent time and claim a resulting trust. (*Dodge* v. *Thomas*, 266 Ill. 76.) There cannot be a resulting trust where the intention was that, under certain circumstances, the grantee was to become the beneficial owner. (*Cook* v. *Blazis*, 365 Ill. 625; *Euans* v. *Curtis*, 190 Ill. 197.) It is apparent from the evidence in this case that appellant intended to confer a beneficial interest upon her husband at the time of the purchase of the property and the execution of the contract under which they acquired title.

Constructive trusts are divided into two general classes; one where actual fraud is considered as equitable ground for raising the trust, and the other where there is a confidential relationship and the subsequent abuse of the confidence reposed is sufficient to establish the trust. (*Steinmetz* v. *Kern*, 375 Ill. 616.) Where it is sought to estab-

lish a constructive trust by parol evidence the proof must be clear and convincing, and so strong, unequivocal and unmistakable as to lead to but one conclusion. (*Neagle* v. *McMullen,* 334 Ill. 168.) Where, however, a fiduciary or confidential relation exists and the dominant party is the grantee or beneficiary of an instrument executed during the existence of such relationship, the burden rests upon such party to show the fairness of the transaction, and that it was equitable and just and did not proceed from undue influence. (*Suchy* v. *Hajicek,* 364 Ill. 502.) In general, a fiduciary or confidential relationship exists where trust and confidence are reposed by one person in another, who, as a result, gains an influence or superiority over the other. (*Steinmetz* v. *Kern,* 375 Ill. 616.) We held in *Neagle* v. *McMullen,* 334 Ill. 168, that even if a fiduciary relationship exists, in order to establish a constructive trust there must be in addition to the fiduciary relationship the second factor of undue influence. While confidential relationships necessarily exist between a husband and wife when they reside together under the ordinary conditions of marriage, nevertheless, it cannot be said as a matter of law that he is the dominant and she is the dependent party. Whether or not that be true is a question of fact. *Mahan* v. *Schroeder,* 236 Ill. 392; *Detienne* v. *Detienne,* 291 Ill. 439; *Hintz* v. *Hintz,* 222 Ill. 248; *Huston* v. *Smith,* 248 Ill. 396.

Appellant, in order to show a trust relationship, cites the cases of *Miller* v. *Miller,* 266 Ill. 522, and *Miller* v. *Miller,* 272 Ill. 468, two cases arising out of the same transaction, *Wright* v. *Wright,* 242 Ill. 71, and *Baughman* v. *Baughman,* 283 Ill. 55. While a constructive trust was found in each of those cases for the benefit of the wife, we are of the opinion that the facts in the instant case are more nearly in line with the facts and circumstances set out in *Neagle* v. *McMullen,* 334 Ill. 168, and *Detienne* v.

*Detienne,* 291 Ill. 439. In the case at bar there is no showing that the husband was the dominant party. She was the one who made the decision to purchase the property, who closed the transaction and who, well knowing the consequences of her act, agreed that a deed be made to herself and her husband in joint tenancy. In Illinois a wife may deal with her separate property as she sees fit. She may give it to her husband if she desires; and, while such transactions are carefully scrutinized by the courts, they are not held invalid if fair and reasonable and not procured by fraud or imposition. (*Scully* v. *Wilhelm,* 368 Ill. 573; *Spalding* v. *Spalding,* 361 Ill. 387.) In the present case there is no evidence and appellant makes no allegation that any fraud was practiced by appellee in order to induce her to take the title in their joint names or that appellee then intended any future misconduct. She testified that for several months after the purchase he lived up to his agreement. This would indicate that it was made in good faith and with no intention of deceiving appellant. Under such circumstances, the mere fact that he may have impressed upon appellant his good intentions is not sufficient to indicate fraud or to give rise to a constructive trust. She well knew his propensity to drink. She depended, not upon false statements of her husband, but upon her hopes for the future.

We hold, therefore, that under the facts and circumstances as disclosed by the record in this case, no ground exists for the holding that Paul Brod held title to one half of the premises involved here as trustee for the use and benefit of the defendant Tekla Brod.

The decree of partition, rendered March 24, 1944, finds that appellant is entitled to an estate of homestead to be set off to her in this proceeding, but the commissioners appointed were not directed to set off the homestead. Section 22 of the Partition Act provides that if

homestead has not been set off to the person entitled thereto, the same may be set off by the commissioners. (Ill. Rev. Stat. 1943, chap. 106, par. 22.) A decree for partition which finds a party to the suit entitled to homestead should direct the commissioners to set off the homestead, as contemplated by said section. *Richardson* v. *Trubey,* 240 Ill. 476; *Joest* v. *Adel,* 209 Ill. 432.

The decree of sale in the present case, entered April 19, 1944, directs that the premises be sold free and clear of all incumbrance and subject only to the taxes for the years 1943 and 1944. It does not appear that any consent in writing to the sale of the homestead estate has been filed or that there has been any offer on the part of anyone to pay or secure to the owner of the homestead estate the amount necessary to extinguish such interest. Therefore, the court had no right to order a sale free and clear of the homestead estate, and the decree of April 19, 1944, was erroneous. *Gradler* v. *Johnson,* 372 Ill. 137; *Grote* v. *Grote,* 275 Ill. 206.

We come now to a consideration of the point raised by appellee, Paul Brod, on his cross appeal, namely, is Tekla Brod entitled to an award of $1000 from the proceeds of the partition sale because of a homestead estate in the premises partitioned? The question as to just where the homestead estate is vested as between joint tenants, and particularly as between a husband and wife who are joint tenants, is not free from difficulty. Implementing the 1870 constitutional mandate, the General Assembly enacted the following: "That every householder having a family, shall be entitled to an estate of homestead, to the extent and value of $1000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution, sale for the pay-

ment of his debts, or other purposes, and from the laws of conveyance, descent and devise, except as hereafter provided." Ill. Rev. Stat. 1943, chap. 52, par. 1.

Prior to the case of *Johnson* v. *Muntz,* 364 Ill. 482, language used by this court in the cases of *Capek* v. *Kropik,* 129 Ill. 509; *Lininger* v. *Helpenstell,* 229 Ill. 369; *Stocker* v. *Curtis,* 264 Ill. 582; *Voss* v. *Rezgis,* 343 Ill. 451; *Grote* v. *Grote,* 275 Ill. 206, and other cases, would seem to indicate that where a husband and wife own land jointly and reside thereon, the estate of homestead is vested in them jointly. In *Johnson* v. *Muntz,* 364 Ill. 482, after a review of some of the older cases cited above, this court held that where a husband and wife owned and occupied premises jointly, the homestead estate was vested in the husband as far as a judgment creditor of the husband was concerned, and that a payment or tender by the sheriff of $500, only, to the husband on the theory that he was entitled to only one half of the homestead of $1000, would not validly extinguish the husband's homestead right. A somewhat detailed analysis of the facts and holding in *Johnson* v. *Muntz* follows: E. P. Johnson and his wife, Edith, owned property in joint tenancy which was improved by a single-family dwelling house which the Johnsons occupied as a residence. Muntz obtained a judgment against E. P. Johnson for $4933.05 and costs. Execution was levied on Johnson's interest in the property and commissioners, appointed by the sheriff to appraise the property, reported Johnson's interest worth $6250, and that the premises were not susceptible of division. After statutory notice had been served on Johnson, he failed to pay the sheriff the amount of the judgment above the sum of $1000. The property was sold to Muntz for $5828.55 and the sheriff paid E. P. Johnson $500 in satisfaction of his homestead right. Later, Muntz received a sheriff's deed. Both Johnson and his wife continued to occupy the prop-

erty until Johnson died, two years after the date of the sheriff's sale. After Johnson's death, his widow remained in possession. Mrs. Johnson, previous to the death of her husband, began a partition proceeding in which Muntz and her husband were made defendants. While the suit was pending, Johnson died and Mrs. Johnson filed an amended bill in which she prayed for the allotment of homestead and assignment of dower in the undivided one-half of the premises purchased by Muntz at the sheriff's sale. The circuit court found that Mrs. Johnson and Muntz were each the owner of an undivided one-half of the premises as tenants in common, and ordered partition to be made free and clear of any claims of Mrs. Johnson for homestead and dower in the premises. Muntz contended that Johnson's homestead estate was extinguished as to his undivided one-half by Johnson's acceptance of $500. Mrs. Johnson contended that inasmuch as the premises were owned by her husband and herself as joint tenants and occupied by them as a residence, they were jointly vested of an estate of homestead and that such estate was indivisible, and that because the full sum of $1000 was not paid, her right of homestead had not been extinguished.

After a review of the previous holdings, we held that Johnson, the husband, was the householder as contemplated in the act; that his homestead estate was a burden upon the several moieties, and that its value was to the extent of $1000 and it could be released only in the manner prescribed by statute. However, we held that the sheriff's failure to comply with the provisions of the statute did not invalidate the sale to Muntz.

Considerable emphasis was placed on the concept of the word "householder" in the statute, and inasmuch as Johnson was living with his family and conceded to be its head, he was held to be the householder and the one who, under the act, qualified as the possessor of the homestead estate.

The case of *DeMartini* v. *DeMartini*, 385 Ill. 128, cites *Johnson* v. *Muntz*, with approval, to the effect that the homestead estate in a joint tenancy is vested in the husband alone. However, the decision in the *DeMartini case*, as far as it related to homestead, was that the husband had conveyed his homestead to the wife and that she, even though not the head of the family, could be a householder and have the homestead exemption. It is important to note that in none of the cases considered in the *Johnson case* did the problem of the allocation of the homestead arise in a controversy between the husband and wife. Always a creditor of one of the spouses was present or the conflicting claims involved heirs of a deceased husband or wife.

The authorities in the line of cases discussed in the *Johnson case* state that in a joint tenancy between husband and wife the estate of homestead is owned jointly. In the view which we take of this case, it is immaterial as far as the final result is concerned whether the right of the wife in a joint tenancy with her husband is designated a right of occupancy or a homestead.

The law and public policy of this State, as exemplified by section 1 of the Homestead Exemption Act above quoted, section 16 of the act concerning husband and wife, (Ill. Rev. Stat. 1943, chap. 68, par. 16,) section 27 of the act concerning conveyances, (Ill. Rev. Stat. 1943, chap. 30, par. 26,) and the many decisions in this State thereunder, have been and are to insure to the family the possession and enjoyment of a home. The proposition that a husband cannot, by his deed alone, even though he own the entire fee, deprive his wife of her homestead interest is so well established that citation of authority is unnecessary. Other than by a written instrument, signed and acknowledged as required by statute, a wife can be deprived of her interest in the homestead, whether it be an estate in

land or a right of occupancy, only by her abandonment of the premises as her residence, her desertion of the family, or a decree of divorce making disposition of the homestead estate. We held in *Bailey* v. *Hamilton*, 337 Ill. 617, after a discussion of the change in the status of married women in this State, that the homestead interest of a wife is a present interest of value. It was there stated: "By her marriage and residence on the premises in question here, appellant Evelyn Bailey acquired the right to occupy them as her homestead. Her husband could not deprive her of that right without her consent. He could not require her to remove from those premises without providing a homestead suitable to her station in life in its stead. The law recognizes the right of husband and wife in this respect as co-ordinate, and has declared by statute that where a homestead exists neither can change the residence of the other from that homestead without such other's consent or unless another suitable homestead is provided."

In this case the record discloses that the plaintiff herein began his suit for partition on December 29, 1942, at a time when his personal effects and property were still on the premises in question, although he had not been living at 2117 West Crystal street since December 20, 1942. The record also shows that on December 20, 1942, plaintiff had been guilty of extreme cruelty against the person of the defendant and that plaintiff had been taken away from the premises by police officers. In the evening of December 29, 1942, plaintiff attempted to return to the homestead, but was refused admission and was prevailed upon to take his belongings away. The master found, and the chancellor approved the finding, that Tekla Brod was living separate and apart from her husband through no fault of hers, and that plaintiff, Paul Brod, had been guilty of extreme and repeated cruelty. There is no suggestion in the record, and all indications point otherwise, that Paul

Brod, prior to instituting this partition suit, offered to provide another suitable homestead for his wife.

While the right to partition is an absolute one, (*Murphy v. Murphy,* 343 Ill. 234,) a court of equity will not permit the proceeding to be used to circumvent and avoid the established principles of law and public policy, and will, in the exercise of its general, equitable jurisdiction, control the proceedings so as to protect the rights of all parties concerned. This court stated in the *Johnson case,* in answer to the contention that the sheriff's deed was void, as follows: "A non-compliance with it will not render the sale void, and if it be brought in question in a suit in chancery, the court, in the exercise of its equitable powers, may adjust the rights of the parties as the circumstances may seem to require. It was contended in *Olp* v. *Meyer,* 277 Ill. 202, that the sheriff had not complied with the statute by paying for the homestead. However, it was held that, the proceedings being in equity, the court will protect all interests as may seem right and just. Here the sale to Muntz was valid. The purchase price was sufficient to enable the sheriff to pay $1000 to the judgment debtor, as required by statute. His failure to do so inured to the sole benefit of Muntz. In this chancery proceeding it would be inequitable to require Mrs. Johnson to pay him rent from the date of his deed."

In the many cases heretofore considered by this court involving the question of homestead interest in jointly owned property, there is none which we have been able to find where the controversy was between a husband and wife who had each occupied the premises as a home.

At first blush, an equal division of the homestead seems equitable. However, such a result is in effect a holding that as between husband and wife owning and occupying property in joint tenancy, there is no homestead or valuable right of occupancy. The net result of giving to each

party in a partition proceeding between husband and wife the sum of $500 for a half interest in the homestead is exactly the same as selling the property without any reference to homestead and dividing the entire proceeds. In view of the long line of cases in Illinois which have held that there can be a homestead in jointly owned property, the concept that the homestead exemption of $1000 should be divided equally between the parties cannot be sustained.

The holding in *Johnson* v. *Muntz,* 364 Ill. 482, is limited to those situations which involve a claim by a creditor against one of the joint tenants, and we hold that a wife who owns property jointly with her husband, cannot be deprived of her valuable right to the continuity of a home, whether it be called right of occupancy or homestead, by any other than the methods prescribed by statute, and that when a husband institutes partition proceedings against the wife involving the home, he must either bona fidely provide another suitable homestead for her or set off to her under the statute the homestead interest of $1000.

The decrees appealed from are affirmed in so far as they declare that appellee and appellant are each vested with an undivided one-half interest in fee simple as joint tenants; that appellee is entitled to partition, and that appellant is entitled to have set off to her an estate of homestead therein. The decree is reversed because the commissioners appointed were not directed to set off the homestead, and the cause remanded for the purpose of setting off the homestead, consistent with the views expressed in this opinion.

*Affirmed in part and reversed in part*
*and remanded, with directions.*

Mr. JUSTICE MURPHY, specially concurring.