62

(No. 31181.

HELEN HENRICHS *et al.,* Appellees, *vs.* HENRY F. SUND-
MAKER *et al.,* Appellants.

*Opinion filed January 18, 1950.*

JOSEPH A. RICKER, and G. A. BURESH, both of Chicago,
for appellants.

IRVING S. ABRAMS, and HENRY F. HAWKINS, both of
Chicago, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the
court:

This is an appeal from a decree of the circuit court of
Cook County, removing two deeds and an affidavit as
clouds on the title of plaintiffs-appellees to an improved lot
in Chicago.

One point urged by defendants-appellants depends upon
an interpretation of the pleadings, and we state them in
abstract form. The complaint alleged in substance: Augusta
Sundmaker died in January, 1923, leaving a will wherein

she devised the lot, share and share alike, to her daughter, Helen Henrichs, and to her sister, Emily Patzer, plaintiffs herein. The will was admitted to probate, never contested, and the estate was fully administered. The plaintiffs, as owners of the fee, have been in possession at all times since January, 1924. There was filed in the office of the recorder of Cook County, in February, 1945, a deed by defendants (who are husband and wife,) conveying all of said property to one Pauline C. Hays, and on the same day there was also filed a deed from Pauline and her husband, conveying the property to defendants in joint tenancy. Also filed the same day was an affidavit made by defendant Henry Sundmaker, wherein he alleged the ownership of the property to be in himself.

The amended answer denied plaintiffs owned the fee and were in possession, but admitted Helen Henrichs to be the owner and in possession of a one-half interest in the premises, the other half being held by Emily Patzer, as a trustee, for the use and benefit of defendant Henry Sundmaker; and alleged the three instruments have no effect upon the interest of Helen Henrichs.

The amended cross complaint alleged Emily Patzer obtained the devise as trustee on the faith of verbal assurances given by her to her sister Augusta Sundmaker, the testatrix, before and at the time of the making of the will, that Emily would hold, and use, the interest in the property and avails thereof for the use and benefit of Henry Sundmaker, the testatrix's son, and would convey the interest to him on his demand. This alleged devise was made by Augusta to Emily because of the faith and confidence she reposed in the latter that the promise to fulfill the trust would be executed. Allegation of demands for conveyance of the alleged trust interest to defendant Henry, and refusals to do so were set forth, together with the allegation of a refused demand made on both plaintiffs for an accounting of one half of the net income and profit, amounting

to about $14,000, of which about $2000 had been paid. Henry said the first notice he had that Emily would not honor the trust was the institution of the suit.

The plaintiffs filed separate answers to the cross complaint. Helen Henrichs alleged Henry had never requested an accounting of her, that whatever moneys she had given to him were charitable gifts in order to assist him, for he is addicted to the use of alcoholic liquors, that she furnished to him at times necessary food and shelter, and that all this was done to protect the family from disgrace. Emily, in her answer, alleged Henry never asked her for an accounting, and that she gave him sums of money from time to time as gifts because he was unemployed, used alcoholic liquors, and could not secure steady employment. None of the gifts, it was alleged, were made as payments out of net income of the property.

Emily made specific denial of the following allegations of the cross complaint: (1) that she obtained the devise of one half of the property upon her giving verbal assurance to Augusta at any time whereby Emily promised or agreed to hold the interest conveyed as trustee for the use and benefit of Henry; (2) that she would convey the interest to Henry upon his request; (3) that she had knowledge that the devise to her was made upon the faith and confidence reposed in her by Augusta that she would convey all interest to Henry.

It is apparent from the record that defendants' hope of obtaining an interest in the property was based upon the strategy of establishing a verbal trust. A tactical maneuver, necessitated by evidentiary deficiencies, was to transfer the heavy burden of proof from the shoulders of defendants to those of Emily. The maneuver selected was that of setting up and establishing a confidential or fiduciary relationship, at the time the will was prepared and when it was executed, between Augusta, the testatrix, Emily Patzer, and Henry Sundmaker, the sum and substance being an inter-

locking triangular affair of confidential relationships. The maneuver had two phases: First to establish the alleged relationship on the basis of claimed nondenials in the answer of Emily to allegations in the amended cross complaint that such confidential relationship existed at the time the will was prepared and when executed. It is evident the denials of Emily in her answer are comprehensive and explicit enough to block the maneuver in that direction. The second was to establish the relationship by evidentiary facts. When only the competent evidence material to that phase of the tactical maneuver to establish the claimed confidential relationship is analyzed, the failure to establish that relationship is very apparent. This also disposes of appellants' criticism of the master because he made no finding on the question of confidential relationship, and it likewise frees the chancellor of any blame for not embodying in the decree a finding in that regard.

The primary issue of the whole case is whether a verbal trust was ever created by Augusta Sundmaker at the time she had her will prepared and when she executed it. This had to do with the doctrine of a constructive trust. In order to establish a constructive trust there must be some element of fraud, either positive or constructive, existing at the time of transaction, or there must be a confidential relationship and undue influence. We have said the confidential relationship was not established, so the trust existence does not follow as a matter of law. An account book was used by the plaintiffs wherein was kept a continuous record over the years, from the forepart of 1923 to the end of 1945, of the income and outgo of the property involved. This book also contained notations made over the years by which track was kept of loans made to Emily. Each page also contained the legend "See Henry's Account." Another portion of the book was devoted, according to the legend, "Money given by us to Henry years of ———.". This embraced all years from 1925 to 1945, both inclusive, the

legend being written out for each year and the year designated as a part thereof. Henry Sundmaker said those sums set forth item by item were payments to him under the verbal trust out of one half of the income from the property. Plaintiffs said they were charitable gifts, the money coming from property income which belonged to them and not to Henry. The answer to this depended upon whether the defendants proved the existence of facts upon which a constructive trust could be firmly and permanently erected.

To establish a constructive trust by parol evidence (as here,) the proof must be clear and convincing, and must be so strong, unequivocal and unmistakable as to lead to but one conclusion. (*Brod v. Brod*, 390 Ill. 312.) Without discussion of the evidence *pro* and *con* on the issue, we hold the evidence produced by the defendants, when it is considered in all its aspects and intendments, falls far short of meeting the test set forth in the *Brod case*.

The decree is in accord with the facts of the case, and with the law applicable thereto, and is affirmed.

*Decree affirmed.*