**In the Matter of James R. HENDRICKS and Ida Belle Hendricks, Bankrupts.**

**Nos. P–BK–68–691, P–BK–68–692.**

United States District Court
S. D. Illinois, N. D.
June 18, 1969.

William H. Henning, Galesburg, Ill., for bankrupts.

Barry M. Barash, Galesburg, Ill., for trustee.

## DECISION AND ORDER ON REVIEW OF REFEREE'S DECISION

ROBERT D. MORGAN, District Judge:·

This matter comes on to be heard upon the petition of Barry M. Barash, Trustee of the captioned bankrupt estates, for review of a decision issued in said cases by Stephen J. Covey, Referee in Bankruptcy of this Court, on February 27, 1969, and said Referee's Certificate of Review filed pursuant to said petition on March 7, 1969. The Court has considered such certificate and scholarly briefs submitted on behalf of said trustee, as well as on behalf of the bankrupts, has heard the arguments of counsel, and is fully advised in the premises.

The Referee's writen decision clearly and succinctly sets forth the pertinent facts and the rationale of his decision as follows:

### STATEMENT OF FACT

"IDA BELLE HENDRICKS and JAMES R. HENDRICKS, husband and wife were adjudicated bankrupts on October 15, 1968. On the date of bankruptcy, the bankrupts owned the following described property as joint tenants and not as tenants in common and resided in it together as husband and wife with their children:

Residence in Victoria, Illinois—All of Lots 5 and 6 in Block 4, in the Becker, Berry, Pease and Hedstrom Addition to the Village of Victoria, situated in the NE¼ of Section 13, Township 12 N, Range 3 E of the 4th Principal Meridian, Knox County, Illinois.

"Said property is subject to a mortgage in favor of the Farmers and Mechanics Bank, of Galesburg, Illinois, and the value of the real estate exceeds the amount of the mortgage by $1800.00. In their bankruptcy schedules filed herein, both bankrupts claimed a $5,000.00 homestead

exemption in said real estate pursuant to Chapter 52, Section 1 of the Illinois Revised Statutes. On December 4, 1968, BARRY M. BARASH was appointed Trustee in both cases and on December 6, 1968, he filed the instant petition in both cases asking that this Court determine the proper allowance and allocation of the homestead exemption.

## OPINION

"Chapter 52, Section 1, of the Illinois Revised Statutes provides as follows:

'1. AMOUNT 1. Every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $5,000, in the farm, or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution, sale for the payment of his debts, or other purposes, and from the laws of conveyance, descent and devise, except as hereinafter provided. As amended by act approved August 13, 1965. L.1965—H.B. No. 1075. Effective Jan. 1, 1966.'

"Section 70 of the Bankruptcy Act provides in part as follows:

'70. TITLE TO PROPERTY. a. The Trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualifications, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located. * * *'

■ "It has been clearly established in Illinois that where husband and wife own property as joint tenants and reside together on the premises that the husband is the householder contemplated by the Statute and he alone is entitled to the homestead exemption. See Johnson v. Muntz, 364 Illinois 482 [4 N.E.2d 826] where the Court says:

'* * * If the husband is living and residing with his family he is the householder contemplated by the statute and the homestead estate is vested in him. (Taylor v. Taylor, 223 Ill. 423 [79 N.E. 139]; Brokaw v. Ogle, 170 id. 115 [48 N.E. 394].) Two separate homestead estates cannot co-extensively exist in the same premises at the same time. * * *'

"See also DeMartini v. DeMartini, 385 Ill. 128 [52 N.E.2d 138], where the Court said:

'* * * If the husband is living and residing with his wife on premises owned by them, either as joint tenants or tenants in common, the homestead estate is vested in the husband alone. * * *'

"See also Morris Investment Co. v. Skeldon, 399 Ill. 506 [78 N.E.2d 504].

"In the instant case, JAMES R. HENDRICKS is the householder and is entitled to the homestead exemption.

"The next question to be determined is whether his exemption extends to the entire property or is allowable only out of his undivided one-half interest. If the former, then the entire equity in the property is exempt, and under Section 70 of the Bankruptcy Act, the Trustee would take no title to the property. If, however, the homestead exemption is allowable only out of the one-half interest of JAMES R. HENDRICKS, then the one-half interest of his wife, IDA BELLE HENDRICKS would pass to the Trustee in Bankruptcy and could be sold by him.

■ "From a careful reading of Paragraph 1, Chapter 52 of the Illinois Revised Statutes, cited above, it seems clear that the homestead interest of JAMES R. HENDRICKS extends to the entire property and not to just his undivided one-half interest. Under the Statute, the householder is given an estate of homestead not only in land owned by him, but also land rightly possessed by him. In the instant case, JAMES R. HENDRICKS as a joint tenant and household-

er, is rightly possessed of the entire property, and therefore his homestead exemption extends to the entire property.

"In Johnson v. Muntz, cited above, the property was owned in joint tenancy and the husband and wife resided together. On page 488 [4 N.E.2d 826] the Court said:

'We must conclude that in the case before us, Johnson, the husband, was the householder; that his homestead estate was a burden upon the several moieties, * * *'

See also Brod v. Brod, 390 Ill. 312 [61 N.E.2d 675], where the Court said on page 322:

'After a review of the previous holdings, we held that Johnson, the husband, was the householder as contemplated in the act; that his homestead estate was a burden upon the several moieties, and that its value was to the extent of $1000 and it could be released only in the manner prescribed by statute. * * *'

"In In Re Miller, 27 F.Supp. 999, the District Court for the Southern District of California, had before it the same question presented in the instant case. It was construing the California Exemption Statute, which is similar in purpose to the Illinois Statute. The Court said on page 1001 as follows:

'(6) We conclude by holding that under the record no part of the homesteaded property passed to the trustee in bankruptcy, and that any ratable apportionment of the homestead exemption between husband and wife is unauthorized by law. The entire property described in the joint tenancy deed of May 21, 1927, and in the declaration of homestead recorded August 31, 1932, is exempt under the laws of the state of California, and the trustee in bankruptcy is entitled to no interest in said property.'

"The Trustee contends that the homestead exemption should be allowed only out of the one-half interest of the husband, and relies primarily on the case of In The Matter of CHARLES KEN-NETH CLIFFORD, No. P BK 67 540, in the United States District Court for the Southern District of Illinois, Northern Division. (Original decision by Referee —affirmed by U. S. District Judge)  In that case there was property owned in joint tenancy which had an equity of $8,-000.00. Only the husband was in bankruptcy and his undivided one-half interest in the property was therefore, worth $4,000.00. The Trustee filed a petition to sell this one-half interest and to pay the bankrupt $2,500.00 out of the proceeds. It was the Trustee's contention that the other $2,500.00 exemption was to be paid out of the wife's one-half interest. This Court denied the petition of the Trustee to sell. In the Opinion this Court said:

'While these cases are not directly in point in regard to the instant case, they do establish a clear policy of preventing creditors or a Trustee in Bankruptcy from seizing an interest in real estate in which there is a homestead right, unless the property can be sold for enough to pay the value of the homestead exemption. * * *'

In the Clifford Case, only the bankrupt's one-half interest in the property was subject to the jurisdiction of this Court, and since it could not be sold for more than $5,000.00, title to the property did not pass to the Trustee in Bankruptcy.

"In the instant case, the combined interest of the husband and wife are within the jurisdiction of this Court. These interests cannot be sold for more than $5,000.00 and, therefore, no title passes to the Trustee. The general purpose and policy of the homestead exemption is to protect the householder and his family from the misfortunes of life and to provide them with a home to the extent of $5,000.00. If the property cannot be sold for more than $5,000.00 then it cannot be sold at all.

"In Brod v. Brod, cited above, the Supreme Court of the State of Illinois said:

'The law and public policy of this State, as exemplified by section 1 of the Homestead Exemption Act above quot-

ed, section 16 of the act concerning husband and wife, (Ill.Rev.Stat.1943, chap. 68, par. 16,) section 27 of the act concerning conveyances, (Ill.Rev. Stat.1943, chap. 30, par. 26,) and the many decisions in this State thereunder, have been and are to insure to the family the possession and enjoyment of a home. * * *'"

On the basis of this analysis, with which this Court concurs fully, the Referee has held that James R. Hendricks has a homestead exemption in the subject real estate which extends to both undivided half interests in the jointly owned and occupied property; and that the Trustee takes no interest therein.

It is ordered that the Opinion and Order of Referee Stephen J. Covey, dated February 27, 1969, be and the same is hereby affirmed.